Michael **KILKENNY**, Appellant–
Defendant,

v.

**MITCHELL HURST JACOBS &
DICK**, Appellee–Plaintiff.

No. 29A02–0001–CV–58.

Court of Appeals of Indiana.

Aug. 21, 2000.

Gary P. Price, Peter S. French, Lewis &
Kappes, P.C., Indianapolis, Indiana, Attorneys for Appellant.

Kevin McGoff, Kiefer & McGoff, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

BAKER, Judge

Appellant-defendant Michael Kilkenny appeals the trial court's Order to Commence Arbitration with appellee-plaintiff Mitchell Hurst Jacobs & Dick (the Firm). Specifically, Kilkenny argues that the Firm waived its right to arbitration provided in an employment agreement by acting inconsistently with that right.

### *FACTS*

Kilkenny began his employment as an associate attorney in the Firm in September 1993. The parties bargained for the terms of employment and subsequently entered into an employment contract on March 28, 1994. The following arbitration clause was contained in the contract:

4. ***Dispute Resolution.*** Any disputes or claims arising out of or related to this Agreement shall be resolved by arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association ("Rules"), ***provided, however,*** that the parties shall have the right to seek immediate injunctive relief in the Circuit or Superior Courts of Marion County, Indiana for any alleged violation of the provisions of Paragraph 3(C)(i) or (ii) relating to possession of client files and solicitation of Firm

clients, pending arbitration on the merits of the dispute. The arbitration panel shall consist of three (3) attorneys licensed to practice law in Indiana. It shall be grounds for the vacation of such Award, however, that the arbitrators did not apply the provisions of this Agreement.

Record at 332.

On January 16, 1996, Kilkenny notified the Firm that he was terminating his employment. In the months following, the parties disputed the division of client fees, and negotiations did not produce settlement. Therefore, on June 17, 1997, the Firm made a demand for arbitration through written correspondence received by Kilkenny at his home address. The demand contained a brief statement of the dispute and grounds for the claim. Further, it included Kilkenny's name and address and the Firm's representative's name, address and phone number. Kilkenny responded through his attorney on June 19, 1997 without acknowledging the request for arbitration. On July 14, 1997, the Firm again made a written demand for arbitration, which was sent to Kilkenny's attorney. Kilkenny consistently either ignored or rebuffed the Firm's demands.

In order to avoid the running of the statute of limitations, the Firm filed a six-count complaint against Kilkenny in the trial court on January 9, 1998. The first count was a Motion for a Mandatory Injunction to Require Arbitration of the other five counts. At all relevant times, count one was at issue before the trial court.

In February 1998, Kilkenny initiated discovery by sending interrogatories and document requests to the Firm. Included in the Firm's response to such discovery requests on October 26, 1998, the Firm requested production of certain documents, sought to schedule a time to depose Kilkenny and discussed proceeding with arbitration.[1] Moreover, in letters dated November 10 and December 21, 1998, the Firm expressed its frustration with the lack of progress and urged Kilkenny to proceed with arbitration and select an arbitrator. The concluding paragraph of the December 21 letter provided as follows:

> It is my observation that we are making no progress and my clients have expressed a desire to move this case forward. I understand that Mr. Kilkenny may wish to argue the arbitration clause is for some reason not viable. As I told you when we met, I have done the research and it appears to me that a group of lawyers agreeing on an arbitration clause must have meant they intended to arbitrate their differences. I suppose if he wishes to raise that issue, that is his right. However, I am going to file a Motion for Default Judgment tomorrow afternoon, along with a Motion to Compel Discovery unless we make some progress before 1:00 o'clock. My clients and I have been patient and we need to move this case forward.

R. at 353.[2]

On December 21, 1998, Kilkenny finally filed his answer to the Firm's complaint and asserted several affirmative defenses, including invalidity and unenforceability of the employment contract and waiver of the right to arbitrate, and four counterclaims. The Firm responded to the merits of Kilkenny's counterclaims on January 13, 1999 without asserting as an affirmative defense that those claims were subject to arbitration.

---

**1.** With respect to arbitration, the letter provided as follows:

> I would like to meet with you to discuss proceeding with this matter. As you know, when we previously talked on August 27th, I indicated that we wish for George Gray to participate in the arbitration. I understood that you were going to propose a name on behalf of Mr. Kilkenny, and then George

and whomever you select can pick the third member of our panel and we can proceed. R. at 348.

**2.** The Firm did file a motion to compel discovery on January 18, 1999, which was granted on January 26. The trial court ordered Kilkenny to comply with the October 26, 1998 request for production of documents and to pay $150 in sanctions.

The Case Management Order, agreed to by the parties and entered by the trial court on April 9, 1999, recognized that the Firm was requesting that the cause be heard through binding arbitration, while Kilkenny was requesting a jury trial. The order further provided a briefing schedule on the issue of arbitrability.

Thereafter, on May 17, 1999, Kilkenny filed a Motion to Dismiss Plaintiff's Request for Arbitration Pursuant to Rule 12(B)(1), seeking dismissal on the grounds that the Firm waived its right to arbitration by availing itself of the benefits of the Indiana Rules of Trial Procedure. The trial court denied Kilkenny's motion on October 21, ordered a bifurcated trial and set count one for bench trial on December 1, 1999.

On the day of trial, the parties entered into a Stipulation as to Issues of Arbitrability under which they agreed as follows:

1. Trial of Count I of Plaintiff's Complaint will address whether or not Plaintiff has waived its right to pursue arbitration pursuant to its written agreement with Defendant.

2. In the event that the Court determines an enforceable agreement to arbitrate exists between the parties and that there has not been a waiver of the right to arbitrate, then if the Court determines that an order compelling arbitration is proper, and upon satisfaction of all other conditions precedent under the American Arbitration Association Commercial Rules of Arbitration, all claims plead in the Plaintiff's complaint and the Defendant's counterclaim shall be submitted to arbitration as provided by the Employment Contract.

R. at 216. Following the trial on the issue of arbitrability, the trial court entered extensive findings and ultimately held that the Firm had not waived its right to arbitration and is entitled to an Order to Commence Arbitration. Kilkenny now appeals.

## DISCUSSION AND DECISION

■ Kilkenny asserts that the essential question in determining whether a party has waived its right to arbitration is whether that party has acted inconsistently with the right to arbitrate. He then points to a "litany of actions [the Firm] took which are inconsistent with its right to arbitrate and which constitute a waiver of [the Firm's] right to compel arbitration." Appellant's Brief at 19. Specifically, this "litany" allegedly included the Firm: (1) serving him with paper discovery pursuant to Rule 34 of the Indiana Rules of Trial Procedure; (2) seeking and receiving an order compelling discovery and awarding sanctions; and (3) failing to assert arbitration as an affirmative defense when answering the counterclaims. Kilkenny argues that the trial court ignored these actions by the Firm and, in so doing, "erroneously approved of [the Firm's] unfair manipulation of the judicial system by attempting to invoke the Commercial Rules of the AAA only after enjoying the benefits of the trial rules in order to investigate, gather facts, and utilize the equitable power of the court in proceeding with its claims." Appellant's Brief at 15. He continues that "[s]imply because a party includes a request for arbitration in its initial complaint does not mean that it cannot later waive its right to arbitration by taking acts inconsistent with its right to arbitrate." *Id.*

■ We agree with the general proposition that despite a request for arbitration in the initial complaint, a party's right to arbitration may be waived by subsequent actions that are inconsistent with that right. *See Mid–America Surgery Ctr., L.L.C. v. Schooler,* 719 N.E.2d 1267, 1270 (Ind.Ct.App.1999) ("Although a written agreement to submit a dispute to arbitration is valid and enforceable, the right to require such arbitration may be waived.... Such a waiver ... may be implied by the acts, omissions or conduct of the parties."). However, waiver is a question of fact under the circumstances of each case. *Id.*

In the instant case, we cannot agree with Kilkenny that the Firm has acted inconsistently or has unfairly manipulated

the judicial system. Rather, the Firm has consistently sought arbitration before and after the complaint was filed, only to be frustrated by Kilkenny ignoring its demands or dragging his feet. Further, the Firm was forced to seek assistance from the courts because Kilkenny refused to arbitrate the matter and the statute of limitations was about to run.[3] Finally, we observe that it is Kilkenny who immediately initiated discovery and then delayed answering the complaint for nearly a year.

This is clearly not a case where a request for arbitration was plead in the initial complaint and then not again asserted until discovery was complete or an unfavorable result on the individual claims was imminent. *Cf. JKL Components Corp. v. Insul–Reps, Inc.*, 596 N.E.2d 945 (Ind.Ct. App.1992) (made no effort to specifically request arbitration at any time before appeal), *trans. denied; Aetna Casualty and Sur. Co. v. Dalson*, 421 N.E.2d 691 (Ind. Ct.App.1981) (plaintiffs resisted arbitration and then only when unfavorable judgment entered against them at trial did they seek an order to compel arbitration); *Shahan v. Brinegar*, 181 Ind.App. 39, 390 N.E.2d 1036 (Ind.Ct.App.1979) (neither party formally requested the trial court to intervene and order arbitration pursuant to statute either prior to or during trial and trial court had already construed the underlying agreement and made its award); *St. Mary's Medical Ctr. v. Disco Alum. Prods. Co*, 969 F.2d 585 (7th Cir.1992) (participated in litigation for ten months before seeking arbitration). Therefore, we hold that the trial court properly ordered the commencement of arbitration.

Judgment affirmed.

SHARPNACK, C.J., and VAIDIK, J., concur.

---

**3.** We note that IND.CODE § 34–57–2–3 provides that a party seeking to compel arbitration pursuant to an arbitration agreement can pe-

tition the court to order arbitration and stay the court proceeding until after the arbitration is completed.