**Robert P. KOORS d/b/a Robert Koors Custom Building and Design, Appellant/Plaintiff,**

v.

**Walter W. STEFFEN, Heather L. Steffen, and Wells Fargo Bank, N.A., Appellees/Defendants.**

No. 57A03–0904–CV–167.

Court of Appeals of Indiana.

Nov. 6, 2009.

Rehearing Denied Jan. 21, 2010.

---

M. Robert Benson, Timothy Logan, Benson, Pantello, Morris, James & Logan, Fort Wayne, IN, Attorneys for Appellant.

Holly A. Brady, Haller & Colvin, P.C., Fort Wayne, IN, Attorney for Appellees, Walter W. Steffen and Heather L. Steffen.

Mark R. Galliher, Doyle Legal Corporation, P.C., Indianapolis, IN, Attorney for Appellee, Wells Fargo Bank, N.A.

## OPINION

BRADFORD, Judge.

Appellant/Plaintiff Robert P. Koors, d/b/a Robert Koors Custom Building and Designs ("Koors") appeals the trial court's order dismissing Koors's complaint against Appellees/Defendants Walter W. Steffen and Heather L. Steffen ("the Steffens") and Appellee/Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). We affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

On January 12, 2007, Koors and the Steffens entered into a "Building, Construction and No–Lien Contract" ("Contract") for building construction of and renovation to the Steffens' home. Appellant's App. pp. 12–14. The Contract was drafted by Koors and signed by both Koors and Walter Steffen. The Contract contained an arbitration clause which required that the parties submit any disputes or differences arising between the parties "with respect to any matter or thing arising out if [sic] or in any wise relating to the contract" to binding arbitration. Appellant's App. p. 14.

At some point, a dispute arose between Koors and the Steffens pertaining to costs and the quality of Koors's work. Koors filed a Mechanic's Lien on the Steffens' property in the Noble County Recorder's Office on January 11, 2008, and on December 22, 2008, without submitting the dispute to arbitration, filed a Complaint for Foreclosure of Mechanic's Lien in the trial court. The Steffens moved to dismiss Koors's complaint for foreclosure, arguing that the arbitration clause included in the Contract removed the controversy from the trial court's jurisdiction. On March 2, 2009, following a hearing, the trial court issued an order dismissing Koors's complaint against the Steffens and Wells Fargo and compelled the matter to arbitration. Koors now appeals.

## DISCUSSION AND DECISION[1]

On appeal, Koors contends that although the trial court made no specific findings

1. Koors has filed a motion to strike the sup- plemental appendix filed by the Steffens. The

relating to his right to file a mechanic's lien, the alleged implication arising from the trial court's order compelling the instant matter to arbitration is that he waived his right to file a mechanic's lien against the Steffens' property, which Koors claims is erroneous. Koors also contends that the Steffens waived their right to demand arbitration and that the trial court erred in dismissing his complaint for foreclosure, rather than staying the matter pending arbitration.

Indiana recognizes a strong policy favoring the enforcement of arbitration agreements. *Ind. CPA Soc'y, Inc. v. GoMembers, Inc.*, 777 N.E.2d 747, 750 (Ind.Ct. App.2002). Once the court is satisfied that the parties contracted to submit their disputes to arbitration, it is required by statute to compel arbitration. *Id.; see also* Ind.Code § 34–57–2–3(a) (2009). "However, the statute does not specify the proper disposition of the litigation upon such a determination." *Id.*

## I. Effect of Arbitration Clause

On appeal, Koors challenges whether the arbitration clause included in the parties' Contract indicates that he waived his right to file a mechanic's lien against the Steffens' property. Specifically, Koors claims that although the trial court made no specific findings relating to his right to file a mechanic's lien, the alleged implication arising from the trial court's order compelling the instant matter to arbitration is that he waived his right to file a mechanic's lien against the Steffens' property. In order to determine whether Koors waived his right to file a mechanic's lien, we must examine the Contract itself.

The construction of terms of a written contract is a question of law that we re-

view *de novo. Collins v. McKinney,* 871 N.E.2d 363, 372 (Ind.Ct.App.2007).

The goal of contract interpretation is to ascertain and give effect to the parties' intent. In interpreting a written contract, the court will attempt to determine the intent of the parties at the time the contract was made as disclosed by the language used to express their rights and duties. Thus, we will determine the intent of the parties to a contract by the four corners of the contract. *Id.*

 Upon review, we must first consider whether Koors waived his right to file a mechanic's lien against the Steffens' property. Indiana law provides that a general contractor may file a mechanic's lien, to the extent of the value of his interest, *i.e.*, his labor and materials, for "the erection, alteration, repair, or removal of a house . . . or other building." Indiana Code section 32–28–3–1(a) (2009). Generally, a mechanic's lien may be imposed "upon whatever interest, the individual, who contracts for the work or materials, may own in the property, upon which the work is done or the materials used." *Fletcher Ave. Saving & Loan Ass'n v. Roberts,* 99 Ind.App. 391, 394–95, 188 N.E. 794, 795 (1934). A contractor may waive his right to file a mechanic's lien; however, it is well-settled that in the absence of evidence contained in a contract demonstrating that it was clearly the parties' intention to make such a waiver, it must be presumed that the builder has not waived the right to file a mechanic's lien. *Kokomo, F. & W. Traction Co. v. Kokomo Trust Co.,* 193 Ind. 219, 227, 137 N.E. 763, 765 (1923). Further, "where the terms of the contract are ambiguous on the question, the doubt must be solved against such a

contents of this appendix are unnecessary and were not considered in our disposition of this appeal. Accordingly, we deny Koors's motion

as moot in an order issued simultaneously with this decision.

waiver." *Id.* Here, the Contract presents conflicting language regarding whether Koors waived his ability to file a mechanic's lien against the Steffens' property. The title of the Contract indicates that the contract was a "No–Lien Contract." Appellant's App. p. 12. In spite of the title, the Contract also provides:

> Neither final payment nor any part of retained percentage shall become due until Contractor, if required, shall deliver to Owner a complete release and forfeit of all liens arising out of this contract, or receipts in full in lieu thereof, and if required in either case, an affidavit that so far as it has knowledge or information the releases and receipts include all labor and materials for which a lien could be filed; but contractor may, if any subcontractor refuses to furnish a release or receipt in full, furnish bond satisfactory to Owner to indemnify him against any such lien. If any lien remains unsatisfied after all payments are made, Contractor shall refund to Owner all moneys that Owner may be compelled to pay in discharging such lien, including all costs and a reasonable attorney's fee.

Appellant's App. pp. 13–14. This language suggests that liens could potentially arise out of the parties' Contract. Appellant's App. p. 12. Therefore, in light of the ambiguity in the parties' Contract regarding liens, we conclude that Koors did not specifically waive his right to a mechanic's lien against the Steffens' property.

■ Having concluded that Koors did not specifically waive his right to file a mechanic's lien, we next must consider whether Koors agreed to mandatory binding arbitration as the remedy for any issue arising from or relating to the Contract, including issues relating to the enforcement of any lien arising from the parties' Contract. The parties' Contract included an arbitration clause which provides as follows:

> If any dispute or difference shall arise between Owner and Contractor, with respect to *any matter or thing arising out if [sic] or in any wise relating to contract,* such difference or dispute shall, immediately after it has arisen, be referred to final determination and award of two competent persons as arbitrators, one of whom shall be chosen by Owner and the other by Contractor, and of any umpire to be named by the two arbitrators, and award of arbitrators, or of their umpire, if they disagree, shall be final and conclusive, as to the matters referred to them, provided such award be made in writing under their or his hands or hand, and ready to be delivered to Owner and Contractor within three weeks after such reference, or within such further time, not exceeding two weeks from time of such reference, as arbitrators or their umpire shall by writing, under their or his hands or hand, from time to time appoint. The costs and charges attending such reference shall be in discretion of arbitrators or their umpire, and shall be paid as they, or he, by their or his award, shall direct.

Appellant's App. p. 14 (emphasis supplied). This arbitration clause clearly states that binding arbitration is the remedy available to the parties for "any matter or thing" arising out of or in any way relating to the Contract. Appellant's App. p. 14. The arbitration clause contains no limiting words excluding any matter, such as the enforcement of any lien arising out of the Contract, from arbitration. Therefore, we conclude that the parties' Contract unambiguously provides that while Koors has retained the right to file a mechanic's lien against the Steffens' property, his agreed-upon remedy for all matters arising out of

the Contract, including issues relating to liens, is mandatory binding arbitration. Thus, in light of the parties' contractual agreement to engage in mandatory binding arbitration for all disputes arising from and relating to the contract, we further conclude that the trial court did not err in dismissing the instant matter and compelling the parties to arbitration.

## II. Waiver of Right to Demand Arbitration

■■■■ Even where the parties have entered into a valid and enforceable written agreement to submit a dispute to arbitration, the right to require such arbitration may be waived by the parties. *Safety Nat. Cas. Co. v. Cinergy Corp.*, 829 N.E.2d 986, 1004 (Ind.Ct.App.2005), *trans. denied.* Such a waiver need not be in express terms and may be implied by the acts, commissions, or conduct of the parties. *Id.* Whether a party has waived the right to arbitration depends primarily upon whether that party acted inconsistently with its right to arbitrate. *Id.* "In determining if waiver has occurred, courts look at a variety of factors, including the timing of the arbitration request, if dispositive motions have been filed, and/or if a litigant is unfairly manipulating the judicial system by attempting to obtain a second bite at the apple due to an unfavorable ruling in another forum." *Finlay Props., Inc. v. Hoosier Contracting, LLC,* 802 N.E.2d 453, 455 (Ind.Ct.App.2003). *Id.* Waiver is generally a question of fact; however, the trial court may, as a matter of law, make a determination regarding waiver where there are no undisputed facts and the undisputed facts establish that a party is entitled to judgment. *Am. Std. Ins. Co. of Wis. v. Rogers,* 788 N.E.2d 873, 877 (Ind. Ct.App.2003).

On appeal, Koors claims that the Steffens waived their right to demand arbitration by allegedly failing to demand arbi-

tration prior to Koors's initiation of the instant matter. Koors, however, presents no authority suggesting that a party's pre-litigation failure to demand arbitration results in waiver of the right to demand arbitration, and we find none. Moreover, the facts of the instant matter demonstrate that the Steffens raised their demand for arbitration in the first substantive pleading they filed with the trial court. Koors filed a notice of Mechanic's Lien against the Steffens' property on January 11, 2008. Koors later filed a complaint requesting foreclosure on his mechanic's lien on December 22, 2008. On February 3, 2009, the Steffens, in responding to Koors's complaint for the first time, filed a motion requesting that the trial court dismiss Koors's complaint and compel the matter to arbitration. In light of the fact that the Steffens made their demand for arbitration in their first responsive pleading to the trial court, we cannot say that the trial court erred in concluding that the Steffens did not waive their right to demand arbitration as a matter of law.

To the extent that Koors relies on *JKL Components Corp. v. Insul–Reps, Inc.,* 596 N.E.2d 945 (Ind.Ct.App.1992), *trans. denied,* in support of his claim that the Steffens waived their right to demand arbitration, we observe that *JKL Components* is easily distinguished from the instant matter. In *JKL Components,* the appellant "never asked the trial court to order arbitration." 596 N.E.2d at 948. Here, the Steffens requested that the trial court compel the matter to arbitration in the first substantive pleading they filed with the trial court. (Appellant's App. 17–18) Therefore, we find Koors's reliance upon *JKL Components* to be unavailing.

## III. Dismissal vs. Stay Pending Arbitration

■■■ Having determined that the parties agreed that any and all issues arising

out of the Contract, including issues relating to liens, shall be submitted to binding arbitration, and that the Steffens have not waived their right to demand arbitration, we now consider Koors's contention that the trial court abused its discretion in dismissing the instant matter rather than staying the matter pending arbitration. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. *Cross v. Cross*, 891 N.E.2d 635, 641 (Ind.Ct.App.2008).

In *GoMembers*, this court considered, as a matter of first impression, whether the proper remedy would be to stay or dismiss the court proceedings pending the outcome of arbitration when a party files a lawsuit despite a contractual agreement to engage in binding arbitration. 777 N.E.2d at 750. In considering whether a stay or dismissal would be proper, the *GoMembers* court noted that "on past occasions, Indiana courts have both stayed and dismissed litigation under such circumstances without explaining why that course was appropriate." *Id.* at 752. Ultimately, the *GoMembers* court concluded as follows:

> [A] superior resolution is to allow trial courts to exercise their discretion to either stay or dismiss litigation based on the nature of the contested issues that should first be submitted to arbitration. By utilizing this discretion, courts may examine the facts and circumstances of each case to determine the most prudent course of action. Factors which the trial court may wish to consider include whether court intervention will be neces-

sary to compel discovery, whether the arbitration award will be enforced through the court, whether the entire controversy is arbitrable, which state's substantive law will be applicable to the controversy, and the location of the parties and the evidence.

*Id.* A stay, rather than a dismissal, is perhaps favorable where certain claims remain that are not subject to arbitration, but dismissal is proper where all issues raised must be submitted to arbitration. *See generally, DeGroff v. MascoTech Forming Technologies–Fort Wayne, Inc.,* 179 F.Supp.2d 896, 914 n. 20 (N.D.Ind. 2001) (providing that dismissal of the case is proper where all the issues raised must be submitted to arbitration).

Here, the record demonstrates that although the entire controversy between Koors and the Steffens arose out of and related to the Contract, further action by the trial court could potentially be required if the arbitration panel were to find for Koors and determine that foreclosure is a proper remedy. We note that had we concluded that the parties' Contract was a no lien contract, then we would agree that dismissal of the instant action would have been proper. However, having concluded that the parties' Contract did provide for the possibility that a lien could arise out of the parties' Contract, and in light of Indiana Code section 32–28–3–6 (2009) which requires that a complaint for foreclosure "must be filed not later than one year after the date the statement and notice of intention to hold a lien was recorded," we conclude that the proper action would have been to stay the matter pending arbitration.[2] Therefore, under these

---

**2.** In concluding that the dismissal of the instant matter constituted an abuse of the trial court's discretion, we note that although Indiana Code section 34–11–8–1 (2009) provides that a plaintiff's action that is subse-

quently dismissed for any cause except plaintiff's negligence in the prosecution of said action may bring a new action within three years after the date of the dismissal of the prior action, and the new action shall be

circumstances, we conclude that the trial court abused its discretion in dismissing rather than staying the matter pending arbitration.

The judgment of the trial court is affirmed in part and reversed in part.

BAILEY, J., and VAIDIK, J., concur.

considered a continuation of the plaintiff's original action, we observe that while remote, it is possible that arbitration proceedings may

not conclude within three years and as a result, Koors could potentially be left without the ability to foreclose as a proper remedy.