**CAPITOL CONSTRUCTION
SERVICES, INC.,**
**Appellant,**

v.

**FARAH, LLC, Appellee.**

No. 49A04–1006–PL–354.

Court of Appeals of Indiana.

March 28, 2011.

Michael P. Bishop, M. Edward Krause, Cohen Garelick & Glazier, Indianapolis, IN, Attorneys for Appellant.

Michael T. McNally, Delk McNally LLP, Peggy K. Little, The Little Law Firm, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Capitol Construction Services, Inc. ("Capitol") appeals the trial court's order denying its Motion to Dismiss Demand for Arbitration (the "Motion to Dismiss") in favor of Farah, LLC ("Farah"). Capitol raises one issue, which we revise and restate as whether the court erred in denying its Motion to Dismiss. We affirm.

The relevant facts follow. On June 12, 2003, Farah contracted with Capitol to renovate and construct an addition to an existing structure located in Indianapolis, Indiana. The contract, signed by Goel Ahdoot, the President of Farah, and Hermen Bortz of Capitol, was witnessed by Mike Conly, the Vice–President of Architura which was serving as architect of the construction project, and was for $744,546.00. The contract contained a provision that "[a]ny Claim arising out of or related to the Contract … shall … be subject to arbitration." Appellant's Appendix at 132.

On September 13, 2007, Farah filed a Demand for Arbitration with the American Arbitration Association ("AAA") against Capitol, alleging breach of contract and breach of warranties. Capitol refused to submit to arbitration, however, claiming that the arbitration provisions contained in the contract had been stricken.[1] On October 31, 2007, Farah filed a complaint for damages in the Marion County Superior Court under Cause Number 49D06–0711–PL–048188 ("Cause No. 188") alleging breach of contract, breach of warranty, slander of title, and conversion. Also, in November 2007 Farah filed a request for abeyance before the AAA, stating:

1. On or about September 26, 2007, the [AAA] received [Farah's] Demand for Arbitration.

2. Since that date, a dispute has arisen between the parties as to whether the arbitration provisions of the Owner–Contractor Agreement were stricken from the contract.

3. Therefore, on October 31, 2007, [Farah] filed a Complaint in the Marion County Superior Court asking, *inter alia,* that the Court make a determina-

---

1. Capitol concedes for the purposes of this appeal that the contract containing the arbitration provision is controlling. However, the events leading to this concession are germane to the issue raised on appeal and will be discussed below.

tion as to whether the case belongs before the Court or with the [AAA].

WHEREFORE, [Farah] respectfully requests that the [AAA] hold the above case in abeyance pending the decision of the Court as to whether the arbitration provisions apply in this case.

*Id.* at 21.

On December 19, 2007, the trial court granted a motion for consolidation pursuant to Ind. Trial Rule 42(D),[2] filed the same day, and consolidated Farah's action against Capitol with another pending cause Farah had filed against Architura under Cause Number 49D12–0407–PL–001435 ("Cause No. 435") "for discovery and all pre-trial purposes...."[3] *Id.* at 25. On January 18, 2008, Capitol filed an answer to Farah's complaint which denied that the contract submitted by Farah and containing the arbitration provision was "a true and correct copy" of the contract.[4] *Id.* at 30. On March 20, 2008, the court approved a case management order setting a deadline for discovery for December 22, 2008, among other things.

On November 19, 2008, Farah served Capitol with a request for interrogatories under Ind. Trial Rule 33 and a request for production of documents under Ind. Trial Rule 34, and on March 10, 2009, Capitol responded to Farah's requests. On May 4, 2009, the court entered an order allowing for Farah to take another deposition of Conly "on new matters arising from the discovery of a 2nd contract." *Id.* at 9. On June 4, 2009, the court held a pre-trial conference, and on June 23, 2009, it entered a case management order in which, among other things, Farah and Capitol agreed that Farah would file a complaint for declaratory judgment under Cause No. 188 regarding the contract issue.

In June 2009, Farah took the deposition of Jon Robinson, the President of Capitol, who was the individual who crossed out the provisions related to arbitration from the contract, and Capitol took Ahdoot's deposition.

On June 29, 2009, Farah filed its Motion/Complaint for Declaratory Judgment ("Farah's Complaint for Declaratory Judgment") and attached the version of the contract containing the arbitration provision as Exhibits 1 and 2. Farah's Complaint for Declaratory Judgment, after noting that Exhibit 1 was signed and initialed by Ahdoot and Bortz, states in part:

13. The last page of Exhibit 2 reflects a modification to the contract and such modification was initialed by Goel Ahdoot and [Bortz].

\* \* \* \* \* \*

15. [Capitol] has denied that the attached documents make up the contract that existed between [Farah] and [Capitol].

---

2. Ind. Trial Rule 42(D) provides in part:

When civil actions involving a common question of law or fact are pending in different courts, a party to any of the actions may, by motion, request consolidation of those actions for the purpose of discovery and any pre-trial proceedings. Such motion may only be filed in the court having jurisdiction of the action with the earliest filing date and the court shall enter an order of consolidation for the purpose of discovery and any pre-trial proceedings unless good cause to the contrary is shown and found by the court to exist.... Upon completion of discovery and any pre-trial proceedings, each case which has been subject to the order of consolidation shall be ordered returned to the court in which it was pending at the time the order of consolidation was made....

3. The court's order also continued a pending bench trial scheduled to begin on February 4, 2008.

4. Capitol also filed a demand for jury trial on that same date.

16. [Capitol] has asserted that another set of contract documents were in effect between the parties.

17. [Capitol's] documents included modifications that were initialed by another representative of [Capitol], Jon Robinson, not [Bortz].

18. [Farah] never agreed to any said modifications.

19. [Capitol's] contract and its modifications were not signed nor initialed by [Farah].

20. The court is requested to determine, as a threshold decision, which contract was in effect between the parties.

21. Said decision is necessary as Exhibit 1, Page 23, Paragraph 4.6 requires that the parties resolve this matter through participation in both mediation and arbitration with the [AAA].

22. [Capitol] refuses to participate in said mediation and arbitration through the [AAA] as it asserts it is not required to do so pursuant to its modified contract.

23. Accordingly, a decision by this trial court is necessary to determine which contract documents are in effect, and, thereby deciding which is the appropriate forum for this matter to proceed, either through the [AAA] or civil court. . . .

*Id.* at 98–99 (footnote omitted).

On July 22, 2009, Capitol filed a Verified Cross–Motion/Complaint for Declaratory Judgment and attached its version of the contract ("Capitol's Cross–Motion"). On July 31, 2009, Farah filed its response to Capitol's Cross–Motion and noted that the contract attached was a different version from that admitted into evidence during Capitol's deposition of Ahdoot. On August 17, 2009, Capitol filed a Motion to Substitute Exhibit B of [its] Verified Cross–Motion/Complaint for Declaratory Judg-

ment, noting that it originally attached what it termed a "preliminary version" of the contract in its Cross–Motion and asking to substitute the "final version" of the contract which was the contract admitted during Ahdoot's deposition. Appellant's Supplemental Appendix at 2. On August 27, 2009 Farah filed an objection to Capitol's motion to substitute. On September 1, 2009, the court granted Capitol's motion.

On September 8, 2009, Farah filed a motion for protective order asking the court to limit the questioning of Ahdoot at an upcoming deposition, which the court denied. In February 2010, the parties participated in mediation as ordered by the court, but were unable to reach a settlement. On March 3, 2010, the court held a hearing on the parties' declaratory judgment motions in which individuals including Ahdoot, Conly, and Robinson were called to testify in order to discern which contract represented the final agreement between the parties. That same day, Capitol filed its Motion to Dismiss arguing that "[f]or over a year and [a] half Farah did nothing to have the case submitted to arbitration" and that "Farah's conduct is inconsistent with its claim for arbitration and should be deemed to have waived the right to arbitration." Appellant's Appendix at 174. Soon after, Farah filed its Response to Capitol's Motion to Dismiss, and Request for Declaratory Judgment in Farah's Favor, and a Request for Stay Pending Arbitration stating that "the very reason this matter did not proceed immediately to arbitration was because [Capitol] denied the validity of the contract in Farah's possession" and that "[t]his matter required the use of discovery to determine the authenticity of the contract in effect and, therefore, under Indiana law, was not a waiver." *Id.* at 184.

On March 25, 2010, the court granted Farah's Complaint for Declaratory Judg-

ment, thus determining that Farah's version of the contract containing the arbitration clause controlled. On May 19, 2010 the court held a telephonic conference with the parties and denied Capitol's Motion to Dismiss.

■ The issue is whether the court erred in denying Capitol's Motion to Dismiss. The court's order denying Capitol's Motion to Dismiss had the effect of compelling arbitration, which we review *de novo*. *See HemoCleanse, Inc. v. Philadelphia Indem. Ins. Co.*, 831 N.E.2d 259, 262 (Ind.Ct.App.2005), *reh'g denied, trans. denied*. However, we note that Indiana policy favors arbitration. *MPACT Const. Grp., LLC v. Superior Concrete Constructors, Inc.*, 802 N.E.2d 901, 905 (Ind.2004) (citing *PSI Energy, Inc. v. AMAX, Inc.*, 644 N.E.2d 96, 98 (Ind.1994) (stating that "Indiana was surely among the first jurisdictions to sanction arbitration as a means of dispute resolution" as it had a law allowing arbitration before Indiana became a state in 1816)). A party seeking to compel arbitration must satisfy a two-pronged burden of proof. *Safety Nat. Cas. Co. v. Cinergy Corp.*, 829 N.E.2d 986, 1000 (Ind. Ct.App.2005), *trans. denied*. First, the party must demonstrate the existence of an enforceable agreement to arbitrate the dispute. *Id.* Second, the party must prove that the disputed matter is the type of claim that the parties agreed to arbitrate. *Id.* Once the court is satisfied that the parties contracted to submit their dispute to arbitration, the court is required by statute to compel arbitration. *Id.* (citing Ind.Code § 34–57–2–3(a)).

■ In instances in which the parties have entered into a valid and enforceable written agreement to submit a dispute to arbitration, the right to require such arbitration may nevertheless be waived. *Koors v. Steffen*, 916 N.E.2d 212, 217 (Ind. Ct.App.2009), *reh'g denied*. "Whether a party has waived the right to arbitration depends primarily upon whether that party has acted inconsistently with its right to arbitrate." *MPACT*, 802 N.E.2d at 910. Waiver is a question of fact under the circumstances of each case. *Safety*, 829 N.E.2d at 1004. Such a waiver need not be in express terms and may be implied by the acts, commissions, or conduct of the parties. *Koors*, 916 N.E.2d at 217. In determining if waiver has occurred, courts look at a variety of factors, including the timing of the arbitration request, if dispositive motions have been filed, and/or if a litigant is unfairly manipulating the judicial system by attempting to obtain a second bite at the apple due to an unfavorable ruling in another forum. *Id.*

Capitol argues that Farah waived its right to arbitrate by its conduct including that it engaged in litigation for over twenty months before requesting arbitration in its Complaint for Declaratory Judgment, that it did not request arbitration in its complaint, that it participated in court-ordered mediation, and that it engaged in discovery in accordance with the Indiana Rules of Trial Procedure and Rules of Evidence and sought court assistance in a discovery dispute. Capitol points to Ind. Code § 34–57–2–3 and argues that "Farah never filed a petition with the trial court seeking the court to order the parties to arbitration."[5] Appellant's Brief at 7.

5. Ind.Code § 34–57–2–3(a) provides in part: On application of a party showing an agreement described in section 1 of this chapter, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. Ten (10) days notice in writing of the hearing of such application shall be served personally upon the party in default. If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue raised

Farah argues that "[b]efore a court may compel arbitration, it must first resolve any claims the parties may have concerning the validity of the contract at issue," and that "the very reason this matter did not proceed immediately to arbitration was because Capitol denied the validity of the contract in Farah's possession and, thus, refused to arbitrate." Appellee's Brief at 7. Farah argues that "discovery was necessary in order to determine how more than one contract came into existence," and that it filed its Complaint for Declaratory Judgment soon after Capitol responded to Farah's discovery requests and Farah deposed Robinson. *Id.* Farah also argues that "Capitol has received its benefit of the bargain from [the] contract," and therefore it is "improper for a party to a contract to rely upon the contract when it favored them[ ] but decline to be held to the same contract when it disfavored them." *Id.* at 13.

 Here, despite the protracted nature of the proceedings in the trial court, we cannot agree with Capitol that Farah has acted inconsistently with its right to arbitrate or has unfairly manipulated the judicial system. Farah's first action against Capitol was to file a demand for arbitration with the AAA, and it was only after Capitol refused to arbitrate that Farah brought an action in the trial court. Farah also requested an abeyance with the AAA and noted that "a dispute has arisen between the parties as to whether the arbitration provisions . . . were stricken from the contract." Appellant's Appendix at 21. Because Farah had also brought suit against Architura, the architect hired for the project and who arranged the "bidding process to take place on the construction" (which ultimately resulted in Capi-

tol's involvement), the parties, including Capitol, decided to consolidate proceedings pursuant to Ind. Trial Rule 42(D) for discovery and pretrial purposes. Transcript at 107. Indeed, Robinson, the president of Capitol, testified at the March 3, 2010 hearing that it was Architura who prepared the contract, and testimony by Conly, Architura's Vice–President, was probative in discerning that Ahdoot did not agree to eliminate the arbitration provisions contained therein.

At this stage, Farah was conducting discovery not only pursuant to its suit against Capitol, but also in order to glean information in anticipation for an upcoming trial against Architura, against whom arbitration was not being sought. Thus, while many of the requests for interrogatories and for the production of documents were more pertinent to Farah's suit against Architura, again Capitol agreed to consolidate the cases for discovery purposes.

On June 23, 2009, after the court held a pre-trial conference on the matter, a case management order was entered in which Farah and Capitol agreed that Farah would file a complaint for declaratory judgment to allow the court to decide which contract would control, and ultimately whether the arbitration provisions applied. On March 3, 2010, the same date the court held a hearing to rule upon the parties' motions/complaints for declaratory judgment, Capitol filed its Motion to Dismiss claiming that Farah had waived its right to arbitrate. After the court ruled in favor of Farah that its version of the contract controls, the court and the parties held a telephonic conference in which the court denied Capitol's Motion to Dismiss.

without further pleading and shall order arbitration if found for the moving party;

otherwise, the application shall be denied.

Capitol has not demonstrated that Farah has unfairly manipulated the judicial system in an attempt to obtain a second bite at the apple. Based upon the record, we cannot say that Farah has waived its right to arbitrate. *See Kilkenny v. Mitchell Hurst Jacobs & Dick,* 733 N.E.2d 984, 987 (Ind.Ct.App.2000) (holding that law firm did not waive its right to arbitrate when it filed a complaint where defendant refused to arbitrate because firm had "sought arbitration before and after the complaint was filed, only to be frustrated by [defendant] ignoring its demands or dragging its feet" and that no unfavorable result was imminent), *reh'g denied, trans. denied.*

Moreover, we agree with Farah that equity favors the result reached. Indeed, Farah filed its demand for arbitration in September 2007, and it was due only to Capitol's insistence that Farah had no right to arbitrate disputes with Capitol that the complaint was filed or that the case was consolidated with the Architura case for discovery purposes. *See Williams v. Orentlicher,* 939 N.E.2d 663, 669 (Ind.Ct.App.2010) ("In short, (plaintiff) cannot have it both ways. (It) cannot rely on the contract when it works to its advantage, and repudiate it when it works to (its) disadvantage.") (quoting *Tepper Realty Co. v. Mosaic Tile Co.,* 259 F.Supp. 688, 692 (S.D.N.Y.1966)).

For the foregoing reasons, we affirm the trial court's denial of Capitol's Motion to Dismiss.

Affirmed.

ROBB, C.J., and RILEY, J., concur.