# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**DEBRA S. ANDRY**
Paoli, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| REVAS SPENCER, | ) | |
| | ) | |
|    Appellant-Respondent, | ) | |
| | ) | |
|        vs. | ) | No.  36A04-1211-PO-605 |
| | ) | |
| TIFFANY SPENCER, | ) | |
| | ) | |
|    Appellee-Petitioner. | ) | |

APPEAL FROM THE JACKSON SUPERIOR COURT
The Honorable Bruce A. MacTavish, Judge
Cause No. 36D02-1208-PO-135

**June 19, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Revas Spencer (Husband) appeals the denial of the Agreed Order Dismissing Order of Protection he and Tiffany Spencer (Wife) submitted to the trial court. We reverse.

## FACTS AND PROCEDURAL HISTORY

On August 20, 2012, Wife filed a petition for order of protection against Husband, alleging she had been a victim of domestic violence. At a hearing on September 7, Wife testified she wanted an Order of Protection, and the trial court granted her request. On September 20, Wife filed a verified request for dismissal of the Order of Protection; the trial court denied that request without a hearing. On October 25, Wife and Husband filed an Agreed Order Dismissing Order of Protection. The trial court held a hearing on October 31, and denied the parties' request to dismiss the protective order.

## DISCUSSION AND DECISION

We first note Wife did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E .2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

The trial court erred when it denied the request to dismiss the order of protection, as Ind. Code § 34-26-5-12 does not permit trial court discretion to deny a written request to dismiss a protective order. Our standard of review involving statutory interpretation is well-settled:

A question of statutory interpretation is a matter of law. In such interpretation, the express language of the statute and the rules of statutory interpretation apply. We will examine the statute as a whole, and avoid excessive reliance on a strict literal meaning or the selective reading of words. Where the language of the statute is clear and unambiguous, there is nothing to construe. However, where the language is susceptible to more than one reasonable interpretation, the statute must be construed to give effect to the legislature's intent. The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an absurd or unjust result. Thus, we must keep in mind the objective and purpose of the law as well as the effect and repercussions of such a construction.

*Nash v. State*, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008), *trans. denied*.

Ind. Code § 34-26-5-12, which governs the dismissal of Orders of Protection, provides, "If a petitioner: (1) files a written request for dismissal with a court; or (2) makes an oral request on the record to dismiss the case in open court; the court shall without delay or any conditions dismiss the case without prejudice." The use of the word "shall" in a statute "generally connotes a mandatory as opposed to a discretionary import." *Parmeter v. Cass County Dept. of Child Services*, 878 N.E.2d 444, 447 (Ind. Ct. App. 2007), *reh'g denied*. As the word "shall" appears in the statute regarding the trial court's actions when the petitioner files for the dismissal of an Order of Protection, the trial court did not have discretion to deny the parties' request to dismiss the protective order.[1] Accordingly, we reverse the decision of the trial court.

---

[1] In denying the parties' request to dismiss the Order of Protection, the trial court stated it would not dismiss the Order because Husband had "gotten charged criminally with violating it[.]" (Tr. Vol. 2 at 5.) While we understand the reason for the trial court denial of the parties' request to dismiss, it is unfortunately not afforded such discretion. Like the trial court, we are bound by the language of the statute and make our decision on appeal based on the rules of statutory interpretation.

Reversed.

BAKER, J., and MATHIAS, J., concur.