## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

Feb 17 2016, 8:35 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

John Mazurak
Westville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Mazurak, *Appellant-Defendant,* <br><br> v. <br><br> Erie Insurance Exchange, *Appellee-Plaintiff* | February 17, 2016 <br><br> Court of Appeals Case No. 02A03-1502-PL-57 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Craig J. Bobay, Judge <br><br> Trial Court Cause No. 02D01-1212-PL-423 |

**Mathias, Judge.**

[1] After John Mazurak ("Mazurak") refused to answer Erie Insurance Exchange's ("Erie Insurance") requests for admissions by invoking his privilege against self incrimination, Erie Insurance filed a motion for summary judgment. In support of its motion, Erie Insurance argued that the requests for admissions were

deemed admitted by operation of Trial Rule 36. The Allen Superior Court entered summary judgment in favor of Erie Insurance and awarded Erie Insurance $2,368.63, plus interest and court costs. Mazurak appeals pro se the judgment and argues he properly invoked his Fifth Amendment right against self incrimination when he refused to answer Erie Insurance's requests for admissions; therefore, the trial court erred when it granted Erie Insurance's motion for summary judgment.

[2]     We affirm.

## Facts and Procedural History

[3]     On July 14, 2012, Mazurak was involved in an automobile accident with Janet Claassen ("Claassen") in Fort Wayne, Indiana. Claassen's vehicle was damaged in the accident. Claassen's insurer, Erie Insurance, paid the $2,368.63 claim.

[4]     Thereafter, Erie Insurance filed a complaint against Mazurak in Allen Superior Court. On July 8, 2014, Erie Insurance served requests for admissions on Mazurak. Mazurak filed the following unsworn response:[1]

> 1. The response to the Plaintiff's Trail [sic] Rules 33, 34, 36 in the criminal/civil matter thus is subject to criminal penalties for sworn statements.
> 2. The Named lean holder of the defendant trust was served

---

[1] Mazurak inexplicably refers to himself as the "Named lean holder" in his response to Erie Insurance's requests for admissions.

paper on July 11, 2014.

3. The Named lean holder of the defendant trust hereby takes his 5th amendment of U.S. Constitution right no [sic] to incriminate himself by answering Trial Rules 33, 34, 36.

4. The Named lean holder of Defendant trust objects to Court admitting Plaintiffs unanswered documents as evidence without proof. This is an outrageous violation of Trial Rules.

Appellant's App. p. 17.

[5] On September 24, 2014, Erie Insurance filed a motion for summary judgment and argued that its requests for admissions were deemed admitted pursuant to Trial Rule 36 because Mazurak failed to admit or deny Erie Insurance's Request for Admissions. Therefore, Erie Insurance argued that Mazurak admitted that he negligently caused the damage to its insured's vehicle, and it was entitled to judgment as a matter of law.

[6] On February 3, 2015, the trial court issued an order granting Erie Insurance's motion for summary judgment, which provides in pertinent part:

> The Court is unable to consider Mazurak's response because it was unsworn. Where the content of the uncertified exhibits is at issue at summary judgment, such exhibits "will be insufficient and consideration of them is improper." "An unsworn statement or unverified exhibit does not qualify as proper evidence" to support or oppose summary judgment. Therefore, Mazurak's unsworn statements contained in his September 29, 2014 response are not proper for the Court's consideration at this juncture.
>
> Erie sent Requests for Admission to Mazurak during discovery, to which Mazurak never properly responded. Ind. Trial Rule

36(A) provides that Requests for Admissions are deemed admitted if not responded to within thirty days. Because Mazurak did not file a proper verified response to Erie's Motion for Summary Judgment and did not deny Erie's Request for Admissions, the undisputed material facts show that Mazurak owes Erie a principle [sic] balance of $2368.63.

Appellant's App. pp. 23-24 (internal citations omitted). For the reasons set forth in its ruling, the trial court entered a judgment against Mazurak in the amount of $2,368.63, plus 8% interest from the date of the order and court costs. Mazurak now appeals.

## Standard of Review

[7] Erie Insurance did not file an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing appellee's arguments, and we apply a less stringent standard of review. *Spencer v. Spencer*, 990 N.E.2d 496, 497 (Ind. Ct. App. 2013). We may reverse if the appellant establishes prima facie error, which is error at first sight, on first appearance, or on the face of it. *In re Paternity of S.C.*, 966 N.E.2d 143, 148 (Ind. Ct. App. 2012), *trans. denied*. The prima facie error rule relieves this Court of the burden of controverting arguments advanced in favor of reversal where that burden properly rests with the appellee. *Wright v. Wright*, 782 N.E.2d 363, 366 (Ind. Ct. App. 2002). Still, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006).

## Discussion and Decision

[8]     Mazurak claims that the trial court erred when it entered summary judgment in favor of Mazurak because he properly exercised his Fifth Amendment right when he refused to admit or deny Erie Insurance's Requests for Admissions.

> We review a trial court's order granting summary judgment de novo. And we apply the same standard as the trial court: summary judgment is appropriate only where the moving party demonstrates there is no genuine issue of material fact and he is entitled to judgment as a matter of law. If the moving party carries his burden, the non-moving party must then demonstrate the existence of a genuine issue of material fact in order to survive summary judgment. Just as the trial court does, we resolve all questions and view all evidence in the light most favorable to the non-moving party, so as to not improperly deny him his day in court.

*Alldredge v. Good Samaritan Home, Inc.*, 9 N.E.3d 1257, 1259 (Ind. 2014) (citations omitted).

[9]     Requests for Admission are governed by Indiana Trial Rule 36, which provides that a party may serve upon any other party a written request for the admission of the truth of any matters within the scope of Indiana Trial Rule 26(B), which governs the scope of discovery.

> The matter is admitted unless, within a period designated in the request, not less than thirty [30] days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. If objection

is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder.

Ind. Trial Rule 36(A).

In addition, Rule 36(B) provides in pertinent part that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . . Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding."

Mazurak's response to Erie Insurance's Request for Admissions states in pertinent part:

> The response to the Plaintiff's Trail [sic] Rules 33, 34, 36 in the criminal/civil matter thus is subject criminal for sworn statements. . . . [Mazurak] hereby takes his 5th amendment of U.S. Constitution right no [sic] to incriminate himself by answering Trial Rules 33, 34, 36.

Appellant's App. p. 17.

The Fifth Amendment privilege against self-incrimination may be "asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or

adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). However, the privilege is not without its limits. It "must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486 (1951); *see also Hiibel v. Sixth Judicial Dist. Ct. of Nev.*, 542 U.S. 177, 189 (2004) ("The Fifth Amendment prohibits only compelled testimony that is incriminating.").

[13] An individual may not refuse to answer any and all questions by virtue of the Fifth Amendment's self-incrimination clause. *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 663 (7th Cir. 2002). Nor is an individual "exonerated from answering merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of incrimination." *Hoffman*, 341 U.S. at 486.

[14] Mazurak claimed that answering the Request for Admissions would incriminate himself but does not provide any further explanation. Simply claiming his right against self incrimination is not enough. *See id.*; *See also* T.R. 36(A) ("If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter."). Moreover, the Request for Admissions, on its face, contains no questions the answers to which

would implicate an individual, and specifically Mazurak, in any criminal activity. *See* Appellant's App. pp. 12-14.

[15] For these reasons, we conclude that the trial court did not err when it found that Mazurak failed to properly respond to Erie Insurance's Request for Admissions. *See id*. at 23-24 (citing T.R. 36(A)). Also, the trial court properly determined that the Request for Admissions were deemed admitted. Therefore, the undisputed material facts established that Mazurak's negligence caused damage to Claassen's vehicle, which was insured by Erie Insurance, and Erie Insurance was entitled to the judgment entered as a matter of law.

[16] Affirmed.

Kirsch, J., and Brown, J., concur.