## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 26 2020, 11:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Anthony Pape
Crown Point, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Pape, <br> *Appellant-Defendant,* <br><br> v. <br><br> R2C Crown Point, Inc., <br> *Appellee-Plaintiff.* | May 26, 2020 <br><br> Court of Appeals Case No. <br> 19A-SC-2426 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Julie N. Cantrell, Judge <br><br> The Honorable Michael N. Pagano, Magistrate <br><br> Trial Court Cause No. <br> 45D09-1906-SC-4083 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Anthony Pape (Pape), appeals the small claims court's entry of judgment in the amount of $3,033.96 in favor of Appellee-Plaintiff, R2C Crown Point, Inc. (R2C).

We affirm.

# ISSUE

Pape presents this court with one issue on appeal, which we restate as: Whether the small claims court abused its discretion by concluding that Pape waived the application of the arbitration clause by filing a counterclaim.

# FACTS AND PROCEDURAL HISTORY

On October 17, 2017, Pape, as the buyer, and R2C, as the seller, entered into a purchase agreement for certain real estate located in Lake County, Indiana. The purchase agreement was governed by Indiana law and included an arbitration clause, which stated, in pertinent part:

> Buyer and Seller agree that in the event either party defaults in the performance of the obligations of such party under the Purchase Agreement, or in the event there is a dispute between the Buyer and Seller with respect to their obligations arising out of the purchase and sale of the Property, that does not exceed the total sum of $3,500, the dispute shall be submitted to binding arbitration.

(Appellant's App. Vol. II, p. 31).

[5] On April 15, 2019, R2C sent Pape an invoice in the amount of $2,215.22 for water used at his property between December 1, 2017 and December 3, 2018, with the request to remit payment immediately. Pape failed to remit payment. On June 24, 2019, R2C filed its Complaint for payment of the invoice in the small claims court. On July 22, 2019, and without submitting any supporting evidence, Pape filed a counterclaim in the amount of $2,700, alleging that

> [R2C] is seeking $2,500 for water bill which was supposed to be put in my name but they forgot. I held payment until they complete punch-list.

(Appellant's App. Vol. II, p. 9). On September 13, 2019, the small claims court conducted a hearing at which Pape moved to enforce the arbitration clause of the purchase agreement.[1] According to Pape, the small claims court denied his motion because by "filing a counter claim he [] effectively waived his right to arbitrate." (Appellant's Br. p. 6). That same day, the small claims court issued an Order, finding in favor of R2C, denying Pape's counterclaim, and ordering Pape to pay $3,033.96.

[6] Pape now appeals. Additional facts will be provided if necessary.

---

[1] No transcript of the small claims court proceeding was submitted. Narrated evidence of the court's proceeding was included in Pape's appellate brief.

# DISCUSSION AND DECISION

[7]     Pape contends that the small claims court abused its discretion by denying his request to arbitrate this cause. Even where parties have entered into a valid and enforceable agreement to submit disputes to arbitration, the right to require such arbitration may be waived. *Capitol Contr. Servs., Inc. v. Farah, LLC*, 946 N.E.2d 624, 628 (Ind. Ct. App. 2011). A finding of waiver of the right to arbitrate depends primarily upon whether a party has acted inconsistently with that right. *Id.* Waiver need not be in express terms and may be implied from the acts, omissions, or conduct of the parties. *Id.* "In determining if waiver has occurred, courts look at a variety of factors, including the timing of the arbitration request, if dispositive motions have been filed, and/or the litigant is unfairly manipulating the judicial system by attempting to obtain a second bite at the apple due to an unfavorable ruling in another forum." *Id.* Waiver of a contractual right, including the right to arbitrate, requires the showing of an intentional relinquishment of a known right. *Northern Ind. Commuter Transp. Dist. v. Chicago SouthShore and South Bend R.R.*, 685 N.E. 2d 680, 695 (Ind. 1997).

[8]     Whether a waiver of the right to arbitrate has occurred generally is a question of fact under the circumstances of each case. *Id.* Regardless, we review *de novo* a court's ruling on a motion to compel arbitration, as well as similar motions that are of the same effect. *Id.* We further consider in deciding this case that public policy in Indiana favors enforcement of arbitration provisions. *Capitol Constr. Servs.*, 946 N.E.2d at 628.

[9] Additionally, we note that Appellee, R2C, did not submit an appellate brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Spencer v. Spencer*, 990 N.E.2d 496, 497 (Ind. Ct. App. 2013). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id.* *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Id.*

[10] Without deciding whether the arbitration clause is applicable to this dispute, we turn to our supreme court's decision in *MPACT Construction Group LLC v. Superior Concrete Constructors*, 802 N.E.2d 901, 910 (Ind. 2004), where the court held that:

> The filing of counterclaims and cross-claims does not always indicate active participation in litigation. While all cross-claims are permissive, some counterclaims are compulsory, that is, a party must bring them or waive them. A party should not be held to have waived its right to arbitrate when, in response to a complaint filed against it, it raises counterclaims in order to preserve them.

"A compulsory counterclaim is one that arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Ind. Trial Rule 13.

[11] Here, R2C filed its Complaint for payment of an overdue water bill, while Pape's counterclaim pertains to the completion of a punch-list resulting from the sale of real estate and thus, as it cannot be said that Pape's counterclaim

arises out of R2C's claim, it necessarily amounts to a permissive counterclaim that can waive a party's right to arbitrate. *See id.* Furthermore, it does not appear that Pape filed a motion to compel arbitration prior to the hearing but moved for arbitration only after R2C had presented its evidence during the hearing. Accordingly, we find that Pape acted inconsistently with his right to arbitrate and, as such, implicitly waived it. *See also Tamko v. Roofing Prods., Inc. v. Dilloway*, 865 N.E.2d 1074, 1079-80 (Ind. Ct. App. 2007) (finding waiver where party waited until after plaintiff presented evidence during trial to seek arbitration).

# CONCLUSION

[12] Based on the foregoing, we hold that the small claims court did not abuse its discretion in concluding that Pape waived his right to arbitrate.

[13] Affirmed.

[14] Mathias, J. and Tavitas, J. concur