Phillip WRIGHT, Plaintiff-Appellant,

v.

MGK, INC., and Marjorie Katz,
Defendants-Respondents.

No. 38845.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 18, 1978.

Julius H. Berg, P. C., Mark D. Hirschfeld, Clayton, for plaintiff-appellant.

Goldstein & Price, Elmer Price, Robert D. Nienhuis, St. Louis, for defendants-respondents.

McMILLIAN, Judge.

Appellant, Phillip Wright, appeals from a judgment entered by the circuit court sustaining respondents, MGK, Inc. and Marjorie Katz's motion to dismiss appellant's claim for failure to state a cause of action. Because we find the contract in question to be a private, commercial employment agreement and not a labor contract, we reverse and remand.

Appellant's petition sought $25,000 damages for breach of contract. The petition stated that the parties entered into a written contract in which respondent agreed to employ appellant as a salesman and to pay him compensation at the rate of $500 per week for the term of the contract.

The contract was typed on a printed form of the NAWCAS Guild. At the top of the agreement, in bold type, was the following:

"NAWCAS GUILD
STANDARD CONTRACT
AGREEMENT"

In addition, the agreement contained an arbitration clause which read as follows:

"12. The parties hereto agree to arbitrate any dispute arising out of any of the terms and provisions of this agreement. The parties may refer such dispute to the NAWCAS Guild for arbitration under procedures established by the NAWCAS Guild. If this is not mutually agreeable to both parties, they may refer such dispute to an arbitrator mutually

agreeable to both parties. If both parties cannot agree upon one arbitrator, then, each party shall appoint one arbitrator, and the two arbitrators so selected shall select a third person to compose a panel of three arbitrators, who shall hear and determine the dispute, the cost of such arbitration hearing to be borne equally by both parties. The decision of any such arbitration hearing shall be final and binding upon both parties."

The trial court dismissed the appellant's claim because the appellant failed to submit his claim for wages allegedly due under the contract to arbitration before filing suit.

On appeal, appellant raises two points: First, that the trial court erred in sustaining respondents' motion to dismiss because under § 435.010 RSMo 1969, the agreement could not prevent appellant from filing suit on the contract without prior arbitration. Secondly, that the agreement to arbitrate did not state expressly, or by necessary implication, that arbitration was a condition precedent to appellant's filing suit.

As to the first issue, appellant argues that an agreement to arbitrate cannot bar a party from first filing suit on a contract, regardless of the contract's provision for arbitration, citing § 435.010 RSMo 1969. This section provides—

"Any contract or agreement hereafter entered into containing any clause or provision providing for an adjustment by arbitration shall not preclude any party or beneficiary under such contract or agreement from instituting suit or other legal action on such contract at any time, and the compliance with such clause or provision shall not be a condition precedent to the right to bring or recover in such action."

Conversely respondent argues that the agreement involved is a labor contract and thus § 435.010 is inapplicable, and consequently the arbitration clause is binding. Therefore, the crux of the first issue is whether the agreement is a labor contract or a commercial employment contract. If the former is the case, then § 435.010 is clearly inapplicable. See *Grubb v. Leroy L.*

*Wade & Son, Inc.*, 384 S.W.2d 528, 535 (Mo.1964).

■ A labor agreement is definitely distinguishable from a commercial employment agreement with each having its own separate rules and principles. A labor agreement, a term used synonymously with the term collective bargaining agreement, is described as an accord between the employer and the bargaining representatives of the employees as to the general terms and conditions which will govern and control individual contracts of employment. *J. I. Case Co. v. N. L. R. B.*, 321 U.S. 332, 335, 64 S.Ct. 576, 88 L.Ed. 762 (1943). The labor contract becomes part of the contract of employment with its terms consolidated within the individual hiring agreements. *Arbuckle v. Fruehauf Trailer Co.*, 372 S.W.2d 470, 473 (Mo.App.1963). See also *Baron v. Kurn*, 164 S.W.2d 310 (Mo.1942).

In *J. I. Case Co.*, supra, at 334–5, 64 S.Ct. at 579, Mr. Justice Jackson pointed out the distinction between the two concepts:

"Contract in labor law is a term the implications of which must be determined from the connection in which it appears. Collective bargaining between employer and the representatives of a unit, usually a union, results in an accord as to terms which will govern hiring and work and pay in that unit. The result is not, however, a contract of employment except in rare cases; no one has a job by reason of it and no obligation to any individual ordinarily comes into existence from it alone. The negotiations between union and management result in what often has been called a trade agreement, rather than in a contract of employment. . . ."

■ Applying these general principles to the present situation, the agreement at issue is a contract of employment rather than a labor contract. There was no accord shown between MGK, Inc. and the NAWCAS Guild which was incorporated into the contract between the appellant and MGK, Inc. In fact, the NAWCAS Guild was identified neither on the signed contract, nor in the pleadings. In addition, it was neither

shown nor alleged that the appellant was even a member of the NAWCAS Guild, or any other union which might have a collective bargaining agreement with MGK, Inc. Thus, the contract appeared to refer to an individual contract for employment, rather than a labor contract which would have embraced a union negotiated collective bargaining agreement. Because there is no collective bargaining agreement involved § 435.010 is applicable, and accordingly, any requirement to arbitrate is unenforceable.

The respondent argues, however, that the *Grubb* case is controlling here, and that § 435.010 is inapplicable. The present fact situation is clearly distinguishable from the situation presented in *Grubb*. In *Grubb* the Missouri Supreme Court held that § 435.010 was only applicable to commercial arbitration clauses, and not to labor arbitration agreements. The reason for this being that such clauses in labor contracts are controlled by the great body of federal law which has been drafted to control the enforcement of collective bargaining agreements. *Grubb*, supra, at 534. *Grubb*, however, involved a suit for breach of a collective bargaining agreement brought by five union members against their employer. Thus, *Grubb* presents a situation in which a labor contract is involved, rather than an individual contract for employment as presented here.

The second issue raised is whether the agreement to arbitrate contained in the contract stated an express or implied condition precedent to appellant's filing suit. Because § 435.010 has been found to be applicable, we need go no further than the pertinent language of this statute. Section 435.010 provides that ". . . and the compliance with such clause or provision *shall not be* a condition precedent to the right to bring or recover in such action." (Emphasis added.) The statutory language controls here, and accordingly, it was not necessary that appellant seek arbitration before bringing action on the contract.

Accordingly, the trial court's order dismissing appellant's action for failure to state a claim is reversed.

Judgment reversed and cause remanded.

CLEMENS, P. J., and SMITH, J., concur.