John F. HEFELE, Jr.,
Plaintiff-Respondent,

v.

David CATANZARO, et al.,
Defendants-Appellants.

No. 51407.

Missouri Court of Appeals,
Eastern District,
Division One.

April 14, 1987.

---

Norman William Pressman, Clayton, for defendants-appellants.

Richard C. Bresnahan, Clayton, for plaintiff-respondent.

KELLY, Judge.

David Catanzaro appeals from the judgment of the trial court denying his motion to stay pending arbitration or, alternatively, to dismiss a lawsuit for damages, an accounting and the appointment of a receiver filed by respondent John F. Hefele, Jr., against appellant and The Southwest Partnership which is not a party to this appeal. The denial of appellant's motion to compel arbitration is a final appealable order. § 435.440.1(1) RSMo 1986. The judgment is affirmed.

Appellant premised his motion to dismiss the lawsuit or, alternatively, to stay it pending arbitration on the grounds that the parties had entered into a partnership agreement providing for mandatory arbitration of "any controversy or claim arising out of or relating to this contract, or the breach thereof." The arbitration clause was set forth in paragraph thirteen in the H V Investment Company General Partnership Agreement of December 1, 1977, which was attached as an exhibit to the petition when the lawsuit was filed in September 1985.

Paragraph thirteen of the HV Investment Company General Partnership Agreement ("Partnership General Agreement"), entitled "Arbitration", provides:

Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the rules, then obtaining, of the American Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction thereof.

The issue raised by appellant is whether the trial court erred both in failing to sustain the motion to dismiss the lawsuit or to stay proceedings pending arbitration and also in appointing a receiver where the parties to the lawsuit had agreed in the earlier contract under paragraph thirteen that all controversies or claims arising out of the contract should be arbitrated.

■ The Uniform Arbitration Act, §§ 435.350—435.470 RSMo 1986, enacted by the Missouri legislature in 1980 specifically provides that the Act applies only to agreements made subsequent to August 13, 1980, the effective date of the Act. § 435.445 RSMo 1986. Although the original partnership agreement containing the provision for the settlement by arbitration of any controversy arising under the contract was entered into December 1, 1977, subsequent amendments to the original agreement were made as late as December 2, 1983, to reflect the purchase by new parties of the financial interests held by the original partners. The original agreement, as amended, was expressly ratified and confirmed in all respects by the new parties in the amendment of December 1983. Therefore, the subsequent amendment brings the original agreement, as amended, within the scope of the Act without violating § 435.445 RSMo 1986, the provision barring retrospective application of the Act.

■ Close scrutiny of the original contract with the arbitration clause, as well as its later amendment, reveals that the contract does not meet all the requisites prescribed under the Act. The Act specifically requires that any contract containing an arbitration agreement also contain a statement in ten-point capital letters: "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES." § 435.460. There is no similar provision in the Uniform Arbitration Act §§ 1–25 (1955), 7 U.L.A. 1–229 (1985), from which

the Missouri Act is modelled. Without this statement, an arbitration agreement subject to the provisions of the statute will not be enforced. § 435.460.

The apparent harshness of this rule, peculiar to Missouri, is mitigated by the legislature's bona fide concern that the voluntary nature of arbitration agreements be assured. The virtue of this rule is more evident where some question of the party's intention to waive his right of recourse to the courts exists. Here, the original arbitration agreement was contained in a partnership contract executed when the prior arbitration law was effective. The prior arbitration laws provided that an arbitration agreement was not a bar to suit. § 435.010 RSMo 1978, repealed by Laws 1984. Prior to the enactment of the Act in 1980, Missouri courts under the authority of § 435.010 did not enforce agreements to arbitrate. *See e.g., Tureman v. Altman,* 361 Mo. 1220, 1229, 239 S.W.2d 304, 309 (banc 1951); *Wright v. MGK, Inc.,* 565 S.W.2d 199, 201 (Mo.App.1978); *Jenks v. Jenks,* 385 S.W.2d 370, 375 (Mo.App.1964); and *Hill v. Seaboard Fire & Marine Ins. Co.,* 374 S.W.2d 606, 610 (Mo.App.1963).

Contrasted with § 435.010 (repealed 1984) is § 435.350 RSMo 1986 which provides that arbitration agreements are valid, enforceable, and irrevocable. Any judicial action is stayed upon a summary determination that there is an agreement to arbitrate and that a party to the agreement has refused to proceed with arbitration. § 435.355 RSMo 1986. Although these parties expressly ratified the original 1977 agreement in the subsequent amendment of December 1983, nothing in the amendment reflects the parties' understanding that the arbitration paragraph, originally non-binding, had become irrevocable by virtue of the new Act in 1980. The parties' failure to include in their amended agreement the statement of notice required under § 435.460 RSMo 1986 of the Act precludes a finding that the parties intended to absolutely foreclose recourse to the courts. The trial court decision not to dismiss or to stay the judicial proceedings pending arbitration was proper.

The judgment is affirmed.

SNYDER, C.J., and CRIST, J., concur.