

FILED

Oct 19 2018, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Clay W. Havill
Francis X. Mattingly
L. Katherine Boren
Ziemer, Stayman, Weitzel &
Shoulders, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEES

James D. Johnson
Blair M. Gardner
Jackson Kelly, PLLC
Evansville, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Destination Yachts, Inc., and Sheldon Graber, | October 19, 2018 |
| *Appellants-Defendants,* | Court of Appeals Case No. 18A-CT-1057 |
| v. | Appeal from the Daviess Circuit Court |
| Shirley Pierce and Al Burnham, | The Honorable Mark R. McConnell, Special Judge |
| *Appellees-Plaintiffs.* | Trial Court Cause No. 14C01-1706-CT-272 |

**Mathias, Judge.**

[1] Shirley Pierce ("Pierce") and Al Burnham ("Burnham") (collectively "the Purchasers") bought a houseboat manufactured and sold by Destination Yachts, Inc. ("DYI"). Thereafter, the Purchasers filed a complaint in Daviess Circuit Court against DYI and its president, Sheldon Graber ("Graber")

(collectively "the Defendants"), alleging various contract and tort claims arising out of their purchase of the houseboat. The Defendants subsequently filed a motion to dismiss the Purchasers' claims, arguing *inter alia* that the purchase agreement was subject to a mandatory, binding arbitration clause. The trial court granted the motion to dismiss with prejudice. The parties then proceeded to arbitration, but before the arbitration could occur, the Defendants filed a motion with the arbitrator claiming that the trial court's order dismissing the Purchasers' claims with prejudice was a judgment on the merits that acted to bar any subsequent claim, including arbitration. The Purchasers then returned to the trial court and filed a motion to correct error or, in the alternative, for relief from judgment arguing that the earlier dismissal with prejudice did not bar arbitration. The trial court agreed and granted the motion. The Defendants appeal and present two issues, which we restate as: (1) whether the trial court erred by granting the Purchasers' motion to correct error/motion for relief from judgment, and (2) whether Graber is a party to the contract and therefore properly subject to any arbitrable claims.

[2] We affirm.

## Facts and Procedural History

[3] The Purchasers met with Graber at DYI's Washington, Indiana location on April 24, 2014, to discuss the purchase of a houseboat. After some discussion, the Purchasers and DYI entered into a Contract and Purchase Agreement ("the Agreement") which provided that the Purchasers agreed to buy a custom-built

houseboat for a price of $314,909.19. Included in this Agreement, which was drafted by DYI, was an arbitration clause that provides:

SECTION THREE
RESOLUTION OF PROBLEMS

It is understood and agreed that any problems arising during the construction of the boat can best be resolved by maintenance of a close liaison between Builder and Purchaser, and that the parties will make every good-faith effort to avoid and resolve any problems and disputes by maintaining such close liaison between Builder and Purchaser. **All disputes, complaints, problems and objections relating to the terms, conditions and obligations of the within Purchase Agreement, unless resolved directly between Builder and Purchaser, shall be submitted to binding arbitration in the matter set forth in Sections Seven and Twelve below.**

* * *

SECTION SEVEN
INSPECTION

All work-in-process at Builder's plant shall be subject to inspection by Purchaser, and Builder shall grant Purchaser access to Builder's premises for such inspection at all reasonable times and upon prior notice by Purchaser.

Prior to the completion of the boat, Purchaser and/or a representative of Purchaser and Builder and/or a representative of Builder shall carry out a final inspection of the boat, at the conclusion of which Purchaser shall be entitled to submit in writing, to Builder, such changes, complaints and/or objections, if any, as Purchaser may have with respect to the construction of the boat within seven (7) days of inspection. Any valid complaints or objections so stated shall be corrected or remedied by Builder as soon as practical thereafter.

In the event purchaser does not inspect boat prior to shipping any changes will be at the expense of the purchaser. Builder will make every effort to take pictures and keep purchaser informed but can not be responsible in the event purchaser wants changes after shipment, purchaser waives any remedy as to cosmetic and/or mechanical changes in the event no inspection is made.

**Any dispute as to the validity of such complaints or objections, or as to the parties' respective responsibilities concerning same or the within Purchase Agreement, shall be settled by arbitration.** Should arbitration become necessary either party may serve upon the other notice requiring the matter to be arbitrated and such notice shall set out the name of the arbitrator appointed by the party giving such notice. Within seven (7) days of the receipt of such notice the other party shall either agree to the arbitrator appointed by the party giving the notice or appoint its own arbitrator and notify the first party of the name of same. In the event the two arbitrators so appointed cannot agree as of the resolution of the complaint or objection, then the two arbitrators shall select a third arbitrator and shall thereupon proceed with all due diligence to settle the matter. **The decision of the majority of the arbitrators shall be final and binding upon the parties.** Each party shall be responsible for the cost and fees of the arbitrator selected by that party. The costs and fees of the third arbitrator, if necessary, shall be borne equally by the parties. In the event the two arbitrators selected as hereinabove provided cannot agree upon a third arbitrator, then the third arbitrator, if necessary, shall be appointed by the Daviess Circuit Court, Daviess County, Indiana, upon petition by either party.

* * *

## SECTION TWELVE
## GOVERNING LAW AND VENUE

It is agreed that this agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Indiana. Purchaser and Builder agree that in the event any type of litigation should result from the within Purchase Agreement, then the exclusive venue of such litigation shall be with the Daviess Circuit Court, Daviess County, Indiana.

Appellants' App. Vol. 2, pp. 48–51 (emphases added). Graber signed the Agreement as President of DYI. *Id.* at 53.

[4] After the houseboat was built and delivered to the Purchasers, they found a number of alleged defects. The parties attempted to resolve these concerns, and even attempted mediation in 2016, but were unable to come to an agreement.

[5] Despite the clear language of the Agreement requiring arbitration of any claims, the Purchasers filed suit against the Defendants on June 7, 2017 in Daviess Circuit Court. The complaint set forth eight counts against the Defendants. The counts against DYI were: breach of contract, breach of a written warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. The counts against both DYI and Graber were: fraud in the inducement to enter into the Agreement, negligent misrepresentation, rescission, and unjust enrichment. Appellants' App. Vol. 2, pp. 13–20.

[6] On August 22, 2017, the Defendants filed a motion to dismiss the Purchasers' complaint. The Defendants argued first and foremost that the entire controversy

was subject to mandatory, binding arbitration and that the trial court should dismiss the case with an order to compel arbitration. Appellants' App. Vol. 2, p. 36. The Defendants also argued that the integration clause in the Agreement prevented any claim based on Graber's oral statements regarding the houseboat; that the claim alleging a breach of the written warranty failed to state a claim upon which relief could be granted; that the Purchasers' claims against Graber were improper and should be dismissed because they were based on oral statements and sought to hold Graber personally liable for the alleged faults of DYI; that the Purchasers' claims for fraud in the inducement, negligent misrepresentation, rescission, and unjust enrichment failed to state valid claims for relief; that the demand for attorney fees should be dismissed; and that the Defendants should instead be awarded attorney fees. *Id*. at 37–46. Attached to their motion, the Defendants submitted a proposed order dismissing the Purchasers' claims with prejudice. After the Purchasers filed a response to this motion, the Defendants filed a surreply.

[7] The trial court held a hearing on the motion to dismiss on November 13, 2017. At this hearing, counsel for the Defendants repeated the claims made in their motion: that the entire suit was subject to arbitration and, in the alternative, that the Purchasers' claims failed as a matter of law. With regard to the claims against Graber personally, defense counsel argued:

> Now further, **we also believe this arbitration agreement applies to Sheldon Graber as an individual as President of DYI at all times.** As the arbitration provision, sorry, **as the arbitration provisions of the agreement should require that all claims in**

**this matter against DYI be heard in arbitration, so should all Claims against Sheldon Graber**, because Sheldon has been acting as President of DYI, and interacting with the plaintiffs. He was acting as President of DYI, during any discussions about the construction of this houseboat. Because the plaintiffs and DYI have intended to arbitrate disputes between them, for the a, sorry, between them **the arbitration agreement should also extend to plaintiffs['] claims against Graber's actions** as they allege he took those actions and did not allege that he took those actions in any capacity other than as President of DYI. If such agents, such as a President of a company that has entered into an arbitration agreement are not extended the benefit of the arbitration provisions, then it would be all too easy for crafty litigants to feed and [sic] arbitration agreement by naming non signatories as parties. By naming non signatories in their individual capacity only, plus all defendants in both their official and individual capacities must have the benefit of the arbitration clause that they entered into. **Per the integration provisions of this agreement also of our plaintiffs['] claims, we believe that the arbitration agreement alone in the arbitration provisions should cause this matter to be dismissed**, but if the Court finds otherwise I believe the integration provisions of this agreement bar any claims based on an alleged promise of a ride high boat. . .

Appellants' App. Vol. 3, pp. 43–44 (emphases added). At the conclusion of the hearing, the trial court took the matter under advisement.

[8]     On November 15, 2017, the trial court granted the motion to dismiss, using the order submitted by the Defendants,[1] which provided:

---

[1] *Compare* Appellants' App. Vol. 2, p. 60 *with id.* at 92.

> This matter, having come before the Court upon Defendants' Motion to Dismiss Complaint and the Court GRANTS the same.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that this cause of action is dismissed **with prejudice**.

Appellants' App Vol. 2, p. 92 (emphasis added).

[9] On January 12, 2018, the Purchasers filed a notice of arbitration claim. Both parties then proceeded with the selection of the arbitrators,[2] and participated in a conference call on January 29, 2018, during which the parties agreed to certain procedures and scheduling for the arbitration, and the arbitration was set to take place on June 18–22 of that year. *See id.* at 108. Pursuant to this agreed-upon schedule, the Purchasers filed an arbitration complaint on February 7, 2018, presenting claims substantially similar to the ones it presented in their complaint with the trial court, except that the count alleging unjust enrichment was replaced with a count seeking to pierce the corporate veil.

[10] On February 22, 2018, the Defendants filed with the arbitrators a motion to dismiss the arbitration proceedings, arguing for the first time that the trial court's order dismissing the Purchasers' claims with prejudice was a judgment on the merits that barred further litigation on the issues. Also on February 22, Graber filed a motion objecting to the arbitrator's jurisdiction over him. In

---

[2] The arbitrators selected were: D. Timothy Born of Terrell, Baugh, Salmon & Born, LLP; Richard A. Young of Kightlinger Gray, LLP; and Richard L. Norris of Norris Choplin Schroeder, LLP.

direct contradiction with his arguments to the trial court that the claims against him were subject to arbitration, Graber now claimed that the arbitrators had no jurisdiction to hear any complaints against him because he was not a party to the Agreement. The arbitrators denied these motions on March 16, 2018.

[11] In the meantime, the Purchasers, on March 8, 2018, filed in the trial court a motion to correct error or, in the alternative, a motion for relief from judgment. The Purchasers argued that the trial court order dismissing their complaint with prejudice was improper because the trial court should have either stayed the proceedings or dismissed the complaint without prejudice. The Defendants countered that the trial court's dismissal order was a final judgment on the merits, that the time had passed to timely file a motion to correct error, and that the Purchasers had not shown grounds for relief under Trial Rule 60. After briefing by both parties, the trial court entered an order granting the Purchasers' motion, which provided in relevant part:

> This matter is before the Court on Plaintiffs' Motion to Correct Error or In the Alternative, for Relief from Order. The Court, being duly advised, finds as follows:
>
> 1. The Plaintiffs filed their complaint herein on June 7, 2017 alleging several theories of recovery. In the "Prayer for Relief" they sought the following:
>
>> (a) Judgment in Plaintiffs' favor and against Defendants for rescission and damages in the amount sufficient to compensate Plaintiffs for damage sustained;

(b) Return of all monies paid or, in the alternative, all applicable damages pursuant to 2-714 of the Commercial Code and all incidental and consequential damages;

(c) Incurred and need cost of repairs;

(d) All attorneys' fees, witness fees, expenses, court costs and other fees incurred by Plaintiffs; and

(e) Any and all other just and proper relief in the premises.

2. Plaintiffs did not specifically request relief in the form of an order requiring the parties to participate in binding arbitration.

3. It is the trial court's opinion that Plaintiffs are not entitled to any relief from the trial court other than an order requiring the parties to participate in binding arbitration. In essence, the trial court does not have jurisdiction to address the merits of the case or grant relief thereon. **Pursuant to the terms of the contract, the relief previously requested by Plaintiffs can only be awarded through arbitration.**

4. **For this reason the trial court granted Defendants['] Motion to Dismiss with Prejudice,** essentially determining that the trial court could not, pursuant to the terms of the contract itself, address any of the issues raised by the Complaint on their merits. In essence, the Plaintiffs' sole remedy under the contract was to seek binding arbitration in accordance with the terms of the contract to address the merits.

5. **The Defendants have apparently misinterpreted the Court's order assuming that it was a judgment in their favor on the merits. It was not. It was intended merely to dismiss the legal action assuming that the parties would thereafter participate in binding arbitration to resolve the matter on the merits as required by the contract.** Defendants, instead, apparently asserted their position that the dismissal of the law suit was a determination on the merits and have made it known that they do not intend to participate in arbitration.

6. Defendants['] decision to refuse to participate in binding arbitration, if that is their intention, is made at their own risk.

7. **In order to be clear, and so as to not prejudice either party by any misunderstanding that may have been created as a result of the trial court entering an order that did not clearly state all of the above, the court will grant Plaintiffs' motion for relief from the judgment as set forth below.**

8. Justice requires that this relief be granted.

IT IS THEREFORE ORDERED that Plaintiffs are granted relief from the judgment herein as follows:

1. The order dismissing the matter with prejudice dated November 15, 2017 is set aside.

2. In its place the trial court orders as follows:

The Plaintiffs Shirley Pierce and/or Al Burnham shall have thirty days from the date of this order to amend the "Prayer for Relief" in their complaint to seek the sole remedy available to them through the trial court, that is an order requiring the parties to participate in binding arbitration. If Plaintiffs do not amend the complaint accordingly in the time permitted then the Court shall enter an order dismissing the complaint.

Appellants' App. Vol. 2, pp. 9–10.

[12] On April 26, 2018, the Defendants filed a motion to stay the arbitration pending appeal, which the trial court denied on May 2, 2018. The Defendants then filed a notice of appeal on May 7, 2018, and subsequently filed a motion to stay with

this court. The motions panel of this court granted the motion to stay by order issued on May 29, 2018.[3] This appeal ensued.

## Discussion and Decision

[13]    The Defendants claim that the trial court erred in several respects when it granted the Purchasers' motion to correct error/motion for relief from judgment. First, they argue the trial court could not have properly granted the motion under Trial Rule 59 because the time limit for filing a motion to correct error had passed. Second, they argue that the trial court could not have properly granted the motion under Trial Rule 60(A) because the alleged problems with the trial court's dismissal order were not clerical, but substantive. The Defendants next argue that the Purchasers did not establish any grounds for relief under Trial Rule 60(B). Lastly, the Defendants argue that the Purchasers' claims against Graber are not subject to arbitration. Assuming *arguendo* that we agree with the Defendants with regard to their arguments regarding Trial Rule 59 and Trial Rule 60(A), we nevertheless believe that the trial court was within its discretion to grant relief from its earlier order under Trial Rule 60(B). We also conclude that the Defendants, having expressly argued before the trial court that the claims against Graber were subject to arbitration, cannot now be heard to argue otherwise.

---

[3] The Defendants also filed a motion to expedite this appeal, which our motions panel denied.

## I. Indiana Policy Favors Arbitration

[14] Before turning to the merits of the parties' arguments, we first note that Indiana has long recognized a strong policy favoring the enforcement of arbitration agreements. *Koors v. Steffen*, 916 N.E.2d 212, 215 (Ind. Ct. App. 2009); *see also MPACT Const. Grp., LLC v. Superior Concrete Constructors, Inc.*, 802 N.E.2d 901, 905 (Ind. 2004) (citing *PSI Energy, Inc. v. AMAX, Inc.*, 644 N.E.2d 96, 98 (Ind. 1994) (writing that "Indiana was surely among the first jurisdictions to sanction arbitration as a means of dispute resolution," referring to a territorial statute enacted prior to statehood in 1816 authorizing and regulating arbitrations)).[4]

[15] The current statute controlling orders to arbitrate provides in relevant part:

> (a) On application of a party showing an agreement described in section 1[5] of this chapter, and the opposing party's refusal to arbitrate, **the court shall order the parties to proceed with arbitration**. Ten (10) days notice in writing of the hearing of such application shall be served personally upon the party in default. If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue raised without further pleading and **shall** order arbitration if found for the moving party; otherwise, the application shall be denied.
>
> (b) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Ten (10) days notice in writing of the

---

[4] *See* The Laws of Indiana Territory, ch. XXXII (1807) ("An Act authorising and regulating arbitrations.").

[5] Section 1 generally provides that "[a] written agreement to submit to arbitration is valid, and enforceable, an existing controversy or a controversy thereafter arising is valid and enforceable, except upon such grounds as exist at law or in equity for the revocation of any contract." Ind. Code § 34-57-2-1(a).

hearing of the application shall be served personally upon the party in default. Such an issue, when in substantial and bona fide dispute, shall be forthwith summarily determined without further pleadings and the stay ordered if found for the moving party. If found for the opposing party, the court **shall** order the parties to proceed to arbitration.

(c) If an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court having jurisdiction to hear applications under subsection (a), the application shall be made in that action or proceeding. Otherwise and subject to section 17[6] of this chapter, the application may be made in any court with jurisdiction.

(d) **Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application for an order for arbitration has been made under this section** . . . , or, if the issue is severable, the stay may be with respect to the issue only**. When the application is made in such an action or proceeding, the order for arbitration must include such a stay.**

(e) An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown.

(f) If the court determines that there are other issues between the parties that are not subject to arbitration and that are the subject of a pending action or special proceeding between the parties and that a determination of such issues is likely to make the arbitration unnecessary, the court may delay its order to arbitrate

---

[6] Section 17 provides, "The term 'court' means any circuit or superior court. The making of an agreement described in section 1 of this chapter providing for arbitration in Indiana confers jurisdiction on the court to enforce the agreement under and to enter judgment on an award thereunder." Ind. Code § 34-57-2-17.

until the determination of such other issues or until such earlier time as the court specifies.

(g)  On application the court may stay an arbitration proceeding on a showing that the method of appointment of arbitrators is likely to or has resulted in the appointment of a majority of arbitrators who are partial or biased in some relevant respect. The court shall then appoint one (1) or more arbitrators as provided in section 4[7] of this chapter.

Ind. Code § 34-57-2-3 (emphases added).

[16]  Accordingly, once the court is satisfied that the parties contracted to submit their dispute to arbitration, the court is required by statute to compel arbitration. *Capitol Const. Servs., Inc. v. Farah, LLC,* 946 N.E.2d 624, 628 (Ind. Ct. App. 2011) (citing Ind. Code § 34-57-2-3(a)). "However, [Indiana Code section 34-57-2-3] does not specify the proper disposition of the litigation upon such a determination." *Indiana CPA Society, Inc. v. GoMembers, Inc.*, 777 N.E.2d 747, 750 (Ind. Ct. App. 2002); *accord Koors*, 916 N.E.2d at 215.

[17]  In *GoMembers*, we noted that Indiana courts had historically either stayed or dismissed litigation subject to arbitration under such circumstances without explaining why either course was appropriate. *Id*. at 752 (citing *Albright v. Edward D. Jones & Co.*, 571 N.E.2d 1329, 1334 (Ind. Ct. App. 1991) (noting that trial court stayed litigation), *trans. denied*; *Northwestern Mut. Life Ins. Co. v.*

---

[7]  Section 4 provides that, if the arbitration agreement does not specify the method of appointing arbitrators, and if the parties cannot agree upon such appointment, or if the agreed method fails, or if the appointed arbitrator fails to act or is unable to act, the trial court has the duty and power to appoint arbitrators. Ind. Code § 34-57-2-4.

*Stinnett*, 698 N.E.2d 339, 343 (Ind. Ct. App. 1998) (holding that trial court should have granted motion to dismiss where issue was subject to arbitration); *Wilson Fertilizer & Grain, Inc. v. ADM Mill. Co.*, 654 N.E.2d 848, 849 (Ind. Ct. App. 1995) (holding that trial court properly dismissed action and ordered parties to proceed to arbitration), *trans. denied*). In *GoMembers* we concluded:

> Both of the analytical approaches developed by other courts have merit and may in fact often lead to the same result. However, **we find that a superior resolution is to allow trial courts to exercise their discretion to either stay or dismiss litigation based on the nature of the contested issues that should first be submitted to arbitration.** By utilizing this discretion, courts may examine the facts and circumstances of each case to determine the most prudent course of action. Factors which the trial court may wish to consider include whether court intervention will be necessary to compel discovery, whether the arbitration award will be enforced through the court, whether the entire controversy is arbitrable, which state's substantive law will be applicable to the controversy, and the location of the parties and the evidence.

*Id*. at 752 (emphasis added).[8]

## II. Trial Court Should Not Have Dismissed the Complaint With Prejudice

[18] Here, the Defendants argue that the trial court's action of dismissing the Purchasers' complaint with prejudice acted as a judgment on the merits that

---

[8] In referring to the dismissal of litigation, we presume that the *GoMembers* court was referring to a dismissal without prejudice, as a dismissal with prejudice would generally constitute a judgment on the merits that would bar any further litigation by way of the doctrine of *res judicata. See infra*.

bars any attempt at arbitration. To be sure, it is well settled that a dismissal with prejudice is generally a dismissal on the merits, and as such it is conclusive of the rights of the parties and *res judicata* as to the questions which might have been litigated. *Lakeshore Bank & Tr. Co. v. United Farm Bureau Mut. Ins. Co.*, 474 N.E.2d 1024, 1027 (Ind. Ct. App. 1985) (opinion on rehearing). Thus, by entering an order dismissing the Purchasers' claims with prejudice, the trial court effectively ended the dispute between the parties.

[19] However, the trial court, as indicated in its ruling on the Purchasers' motion to correct error/motion for relief from judgment, did not intend for the controversy to be ended by its dismissal order. Rather, the trial court intended that the case proceed to arbitration. Indeed, the parties, including the Defendants initially, proceeded to prepare for arbitration. Pursuant to Indiana Code section 34-57-2-3(d), the proper course of action under these circumstances would have been for the trial court to have stayed the action pending the outcome of the arbitration, or dismiss the action without prejudice. *See GoMembers*, 777 N.E.2d at 752. The trial court instead dismissed the complaint with prejudice. The Defendants argue that, regardless of the trial court's intentions, the trial court could not undo its previous dismissal with prejudice by way of a motion to correct error or a motion for relief from judgment.

[20] Assuming *arguendo* that the Defendants are correct that the trial court could not grant relief under Trial Rule 59 or Trial Rule 60(A), we agree with the

Purchasers that the trial court was within its discretion to grant relief under Trial Rule 60(B)(1).

### III. The Trial Court Did Not Abuse Its Discretion in Granting Relief from Judgment Under Trial Rule 60(B)(1)

[21] Indiana Trial Rule 60(B) provides in pertinent part:

> **Mistake – Excusable neglect – Newly discovered evidence – Fraud, etc**. On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> > (1) mistake, surprise, or excusable neglect;
>
> * * *
>
> The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court. . . .

[22] The burden is on the movant to establish grounds for Trial Rule 60(B) relief. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010). A motion made under Trial Rule 60(B) is addressed to the "equitable discretion" of the trial court. *Id.* at 740–41. Accordingly, the grant or denial of a Trial Rule 60(B) motion will be disturbed only when that discretion has been abused. *Id.* at 741. A trial court

abuses its discretion only when its action is clearly against the logic and effect of the facts before it and the inferences which may be drawn therefrom. *Id.* An abuse of discretion will not have occurred so long as there exists even slight evidence of mistake, surprise, or excusable neglect. *See Stemm v. Estate of Dunlap*, 717 N.E.2d 971, 974 (Ind. Ct. App. 1999).

[23] In the present case, the Defendants do not dispute that the Purchasers' motion was filed within the required one-year timeframe or that the Purchasers have alleged a meritorious defense. Thus, the only question before us is whether the trial court was within its discretion to conclude that the Purchasers established grounds for relief for the reasons of mistake, surprise, or excusable neglect.[9]

[24] Under the facts and circumstances of the present case, we conclude that the trial court was well within its discretion to grant the Purchasers relief from the dismissal order pursuant to Trial Rule 60(B)(1), i.e., for the reason of "mistake, surprise, or excusable neglect." Here, it is apparent that all of the parties, at least initially, understood the trial court's dismissal order as not precluding arbitration, otherwise there would have been no reason for the parties to proceed with the arbitration process and go as far as to select the arbitrators. When the Defendants claimed that the arbitration was precluded by the trial

---

[9] The Purchasers also argue that they were entitled to relief from judgment under Trial Rule 60(B)(3). Since we agree with them that they are entitled to judgment under Trial Rule 60(B)(1), we need not address their argument under Rule 60(B)(3).

court's dismissal order, it is clear that the Purchasers (and the trial court) were, at the least, surprised by the sudden reversal in course.

[25]   The Defendants argue that if there was a mistake in the trial court's order, it was a mistake on the part of the trial court, and that the proper method of addressing such a mistake was to file a direct appeal. *See Kretschmer v. Bank of Am., N.A.*, 15 N.E.3d 595, 600 (Ind. Ct. App. 2014) (noting that a Trial Rule 60(B)(1) motion is not a substitute for a direct appeal and does not attack the substantive, legal merits of a judgment, but rather addresses the procedural, equitable grounds justifying the relief from the finality of a judgment), *trans. denied* (citing *In re Paternity of P.S.S.*, 934 N.E.2d at 740). Here, the issue is not so much a mistake on the part of the trial court, but the surprise in how the Defendants initially treated the trial court's order as not precluding arbitration for weeks, only to claim the exact opposite and argue that it did preclude arbitration. Certainly, the trial court was within its equitable discretion to consider the totality of the circumstances before it and conclude that its earlier order should be modified to clarify that its order of dismissal did not intend to preclude arbitration. For these reasons, we cannot say that the trial court abused its considerable discretion in such matters when it granted the Purchasers' motion for relief from judgment and ordered the parties to proceed with arbitration. *See* 4 William F. Harvey, *Indiana Practice, Rules of Procedure Annotated* § 60.1 (3d ed. 1999) (noting that the equitable power of a court of general jurisdiction is "very substantial.").

## IV. Graber Cannot Now Argue That the Claims Against Him Are Not Subject to Arbitration

[26]   Graber argues that the trial court erred to the extent that it ordered the claims against him to proceed to arbitration. Graber claims that he was not a party to the Agreement and that the arbitration clause thereof should not apply to him. Unfortunately for Graber, this is exactly the opposite of what his counsel argued before the trial court in the motion to dismiss. As noted above, Graber's counsel explicitly argued that the claims against Graber had to be dismissed in the trial court because of the arbitration clause of the Agreement:

> **[W]e also believe this arbitration agreement applies to Sheldon Graber as an individual** as President of DYI at all times. As the arbitration provision, sorry, as the arbitration provisions of the agreement should require that all claims in this matter against DYI be heard in arbitration, s**o should all Claims against Sheldon Graber[.]**

Appellants' App. Vol. 3, p. 43.

[27]   Graber argues that the statements of counsel cannot alter the provisions of the Agreement. That much is true, but Graber cannot now be heard to argue that the claims against him cannot be heard by the arbitrators, as that is precisely what he requested from the trial court. Whether viewed in terms of invited

error[10] or judicial estoppel,[11] we cannot say that the trial court erred in ordering the claims against Graber to proceed to arbitration.

[28] This is not to say that the arbitrators must conclude that Graber is liable for the actions of DYI. Our holding is limited to only require the claims against Graber to be heard by the arbitrators. *See Wilson Fertilizer & Grain*, 654 N.E.2d at 853 n.4 ("Once the [trial] court determines that a dispute is subject to arbitration, all additional concerns, including issues regarding the merits of the underlying claim or procedural arbitrability, are for the arbitrator.").

# Conclusion

[29] When the trial court determined that the arbitration provisions of the Agreement required the Purchasers' claims to be subject to mandatory, binding arbitration, the court should have ordered the parties to proceed with arbitration and either stayed the proceedings or dismissed the claims without prejudice. Instead, the trial court dismissed the claims with prejudice. Despite this fact, however, the parties proceeded with the arbitration process to the point of selecting the arbitrators. It was only after this point that the Defendants argued for the first time that the trial court's earlier order dismissing the Purchasers' claims with prejudice was a final judgment on the merits that barred arbitration

---

[10] Under the doctrine of invited error, which is grounded in estoppel, a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct. *Witte v. Mundy ex rel. Mundy*, 820 N.E.2d 128, 133 (Ind. 2005).

[11] "Judicial estoppel is a judicially created doctrine that seeks to prevent a litigant from asserting a position that is inconsistent with one asserted in the same or a previous proceeding." *Morgan Cty. Hosp. v. Upham*, 884 N.E.2d 275, 280 (Ind. Ct. App. 2008), *trans. denied*.

of these claims. Under these particular facts and circumstances, the trial court was within its equitable discretion to grant the Purchasers relief from its earlier order under Trial Rule 60(B)(1). Moreover, because Graber explicitly argued to the trial court that the claims against him should be dismissed and subject to arbitration, he cannot now be heard to argue the exact opposite. Accordingly, the judgment of the trial court is affirmed.[12]

[30] Affirmed.

Bailey, J., and Bradford, J., concur.

---

[12] We also decline the Purchasers' request to award appellate attorney fees under Appellate Rule 66(E). Even though we affirm the trial court, the Defendants' appellate arguments are far from being "permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003).